OPINION OF THE COURT
JORDAN, Circuit Judge.
Adel Guirguis appeals from the order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, we will affirm.
*775 I. Background
Guirguis brought suit against his former employer, Movers Specialty Services, Inc. (“Movers”), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Pennsylvania Human Relations Act (“PHRA”), 43 Pa. Cons.Stat. §§ 951-63.[1] Guirguis, who is of Arab descent and a native of Egypt, contends that Movers terminated his employment on the basis of his national origin.[2]
Paragraphs 7 through 9 of the complaint, which read as follows, contain the entirety of Guirguis’s factual averments:
7. Plaintiff began working for the defendant in 2000 in the accounting department. Plaintiff was employed by the defendant from that day until February 14, 2006, when he was terminated by the defendant in violation of his civil rights.
8. Plaintiff is foreign born, is an Arab, having been born in Egypt on June 20,1947.
9. On February 14, 2006, plaintiff was terminated by the defendant in violation of his rights due to the fact he is Arab, due to his native origin, having been born in Egypt.
(App. at 11.)
Movers sought dismissal, charging that Guirguis had neglected to exhaust administrative remedies and that his complaint failed to state a claim upon which relief could be granted. Guirguis did not respond to the latter argument, and the District Court held that he had conceded Movers’ challenge by failing to say how his complaint made out a cognizable claim for relief. The Court nevertheless went on to review the substance of Guirguis’s allegations, determining that the complaint indeed lacked sufficient factual content to raise a plausible right to relief under the pleading standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The District Court thus dismissed the complaint and closed the case.[3] Guirguis did not request an opportunity to file an amended complaint but filed two motions for reconsideration[4] of the Court’s Rule 12(b)(6) ruling. The District Court denied both motions. This timely appeal followed.
II. Discussion[5]
Guirguis argues that the District Court erred when it dismissed his complaint, *776 which he contends adequately stated a claim. He also claims that the Court committed error when it closed his case without sua sponte granting him leave to amend, which effectively dismissed his claims with prejudice.
A. Failure to State a Claim
We conduct a de novo review of a Rule 12(b)(6) dismissal of a complaint. See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir.2008). The Federal Rules of Civil Procedure require that a complaint contain “a short and plain statement of the claim showing that the pleader is entitled to relief.” Fed.R.Civ.P. 8(a)(2). To avoid dismissal, a complaint must set forth facts that raise a plausible inference that the defendant inflicted a legally cognizable harm upon the plaintiff. See Ashcroft v. Iqbal, — U.S.-, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Twombly, 550 U.S. at 556, 127 S.Ct. 1955; Phillips, 515 F.3d at 234.[6] Conclusory allegations of liability do not suffice. See Iqbal, 129 S.Ct. at 1950 (opining that the federal pleading standard “marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions”).
A court confronted with a Rule 12(b)(6) motion must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the nonmovant. Gross v. German Found. Indus. Initiative, 549 F.3d 605, 610 (3d Cir.2008). Legal conclusions receive no such deference, and the court is “not bound to accept as true a legal conclusion couched as a factual allegation.” Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading’s factual content must independently “permit the court to infer more than the mere possibility of misconduct.” Iqbal, 129 S.Ct. at 1950; Wilkerson, 522 F.3d at 321-22.
Guirguis’s complaint fails to cross the threshold established by Twombly and Iqbal. It alleges that Guirguis is an Egyptian native of Arab descent, that Movers discharged him, and that his termination occurred in violation of his civil rights. The final allegation is precisely the type of factually unsupported legal conclusion that is inadequate to surmount a Rule 12(b)(6) challenge. The remaining averments contain no facts supporting an inference that Movers terminated Guirguis on the basis of his national origin. Indeed, the complaint never intimates in any way why Guirguis believes that national origin motivated Movers’ actions. In the absence of factual averments supporting his discrimination claims, the District Court properly found that Guirguis failed to raise a plausible right to relief under the pleading standard established by Twombly.[7]
*777 B. Standing on the Complaint
Guirguis also contends that under Phillips the District Court should have granted him leave to amend his complaint sua sponte, before closing his case. We review for abuse of discretion the District Court’s failure to grant leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002). In Phillips, which presented a claim under 42 U.S.C. § 1983, we broadly instructed that “if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.” Phillips, 515 F.3d at 236. Prior to Phillips, however, we had limited this principle to cases arising under § 1983 and opined that “it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint.” Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir.2007).
The interaction between Phillips and Fletcher-Harlee Corp. presents an interesting question but one that we need not resolve on this appeal. Guirguis filed two motions for reconsideration of the District Court’s Twombly holding, arguing that his complaint “is not insufficient in its allegations.” (Appellee’s Supplemental App. at 4, 9.) These motions never sought leave to amend and instead revealed an intent to stand on the complaint. See Frederico v. Home Depot, 507 F.3d 188, 192-93 (3d Cir.2007) (holding that a plaintiff elected to stand on her complaint by repeatedly asserting the validity of her averments and by failing to seek leave to amend following dismissal). Having expressed a desire to adhere to his pleading, Guirguis cannot persuasively ascribe error to the District Court for not providing him an unsolicited opportunity to amend his complaint.
III. Conclusion
Guirguis’s complaint contains only a factually unsupported averment of discrimination, and he clung to that version of his pleading. The District Court was thus correct to grant dismissal and did not abuse its discretion by not sua sponte affording him leave to amend. We will affirm the order dismissing his complaint, as *778 well as the order denying reconsideration of the dismissal.

. The legal analysis governing Guirguis's PHRA claim is identical to that under Title VII, and the discussion that follows applies to both claims. See Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 317 n. 3 (3d Cir.2000) ("The analysis required for adjudicating [plaintiff’s] claim under PHRA is identical to a Tille VII inquiry ..., and we therefore do not need to separately address her claim under the PHRA.”).

. The complaint alleges that Movers discriminated against Guirguis due to his "native origin,” which is not a defined class under Title VII. (App. at 11.) The District Court construed this averment as a disparate treatment claim on the basis of national origin. The parties do not contest that characterization.

. In light of its disposition, the District Court did not discuss the exhaustion issue.

. Guirguis filed the first motion on December 15, 2008 and an amended motion on December 22.

. The District Court exercised federal question jurisdiction over Guirguis’s Title VII claim under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and supplemental jurisdiction over his PHRA claim under 28 U.S.C. § 1367. We have appellate jurisdiction over the final decision of the District Court under 28 U.S.C. § 1291.

. We have applied Twombly and Iqbal’s pleading requirements to employment discrimination claims, see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-12 (3d Cir.2009); Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 322 (3d Cir.2008), but the quantum of facts that a discrimination complaint should contain may bear further development. This case, though, provides a poor vehicle for that task because Guirguis relies in large measure upon bare legal conclusions that would likely have been insufficient even under the pre-Twombly pleading standard. See, e.g., Papasan, 478 U.S. at 286, 106 S.Ct. 2932 (holding, prior to Twombly, that courts were not required to accept the truth of legal conclusions contained in a plaintiff’s complaint). They are certainly deficient in the post-Twombly era. Accordingly, we have no occasion in this case to address the character or weight of the factual allegations that a Title VII complaint must contain to survive a Rule 12(b)(6) motion to dismiss.

. Guirguis contends that Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), and our decision in Wilker *777 son compel a contrary result. Swierkiewicz was decided pursuant to the pre-Twombly pleading standard of Conley v. Gibson, under which a complaint satisfied Rule 8 unless "it appeared] beyond doubt that the plaintiff c[ould] prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). We have re-assessed Swierkiewicz in the wake of Twombly, Iqbal, and Phillips and have concluded “that because Conley has been specifically repudiated by both Twombly and Iqbal, so too has Swierkiewicz, at least insofar as it concerns pleading requirements and relies on Conley." Fowler, 578 F.3d at 211. Nevertheless, Swierkiewicz remains instructive because Guirguis's complaint contains significantly less factual content than the pleading at issue in that case. The Swierkiewicz plaintiff "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." 534 U.S. at 514, 122 S.Ct. 992. Guirguis’s complaint omits such information, bolstering our conclusion that his claims would not have survived under the pre-Twombly pleading regime. See supra note 6. Wilkerson also confirms the inadequacy of Guirguis's pleading. In Wilkerson, the plaintiff alleged that her employer instituted a ceremony in which participants worshiped their ancestors, that she objected to this ceremony due to her religious beliefs, and that her supervisor subsequently terminated her without explanation. 522 F.3d at 318, 322. Guirguis’s complaint contains no similar discussion supporting an inference that Movers acted with a forbidden motivation. The District Court correctly decided that the absence of context from the complaint warranted dismissal under Rule 12(b)(6).